# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                      Case No. 17-30260-WRS
                                                           Chapter 11

TRAMMELL FAMILY
LAKE MARTIN LLC,

        Debtor

## MEMORANDUM DECISION

On February 14, 2017, these jointly-administered bankruptcy cases and the related adversary proceeding came before the Court for hearing on two Motions for Relief From Automatic Stay, or in the alternative Motion to Abstain (Case No. 17-30260; Doc. 18) (Case No. 17-30268; Doc. 12); and a Motion to Remand (AP 17-3008; Doc. 6).  Debtor Trammell Family Lake Martin, LLC was present by counsel Lee R. Benton; Debtor Trammell Family Orange Beach Properties, LLC was present by counsel Von G. Memory; and SE Property Holdings, LLC, the Plaintiff in the Adversary Proceeding and a creditor in the bankruptcy cases, was present by counsel Richard M. Gaal.  The central issue presented is whether this Court, or the United States District Court for the Southern District of Alabama, is the appropriate forum for hearing the adversary proceeding associated with these jointly-administered bankruptcy cases. In reaching this central issue, the Court must also consider the following: (1) whether remand under 28 U.S.C. § 1452(b) is the appropriate mechanism for moving a case from one federal district to another; (2) whether this Court should grant relief from the automatic stay under 11 U.S.C. § 362, in order that another court may hear the case; and (3) whether this Court should abstain from hearing the adversary proceeding.

For the reasons set forth below, Adversary Proceeding 17-3008 is transferred to the United States District Court for the Southern District of Alabama. In addition, relief from the automatic stay is granted, on the terms set forth below. Lastly, this Court will abstain from deciding the fraudulent conveyance claims brought by SE Property in the Adversary Proceeding. The Court will enter separate orders on these matters.

## I. Facts

### A. The District Court Case

This Adversary Proceeding was commenced as a civil action in the United States District Court for the Southern District of Alabama, as <u>SE Property Holdings, LLC, v. Tammy T Center, et.al.,</u> Civ. No. 15-0033-WS-C, on January 23, 2015. Plaintiff SE Property seeks to avoid certain transfers of property, both real and personal, from Charles and Belinda Trammell to their daughters Tammy T. Center and Amy T. Brown, and two corporations, Trammell Family Orange Beach Properties, LLC and Trammell Family Lake Martin, LLC. SE Property contends that the transfers were fraudulent with respect to it. The corporations are owned by the daughters and Belinda Trammell.

SE Property aggressively litigated this case for three years in the Southern District of Alabama, with a trial scheduled to begin February 8, 2017, in Mobile. On January 30, 2017, Trammell Lake Martin and Trammell Orange Beach filed petitions in bankruptcy in this Court, pursuant to Chapter 11 of the Bankruptcy Code. (17-30260, Doc. 1) (17-30268, Doc. 1). The following day, the corporations filed a "Notice of Removal" seeking to remove the civil action from the Southern District of Alabama to this Court, pursuant to 28 U.S.C. § 1452(a). On

Case 17-30260   Doc 59   Filed 04/04/17   Entered 04/04/17 16:12:48   Desc Main
Document      Page 2 of 10

February 1, 2017, the District Court in the Southern District entered an order stating that "this case shall not proceed further in this District Court unless and until all or part of it is remanded by the Bankruptcy Court in the Middle District."

The removal—or transfer—of the adversary proceeding to this Court has been followed by a number of filings. SE Property filed motions for relief from the automatic stay in both bankruptcy cases (17-30260, Doc. 18) (17-30268, Doc. 12) and moved to remand the Adversary Proceeding to the District Court in the Southern District (17-3008, Doc. 6). In addition, SE Property has moved this Court to abstain from ruling on the Adversary Proceeding. (17-30260, Doc. 18) (17-30268, Doc. 12). Both of the Debtors have filed objections to the motions filed by SE Property. SE Property seeks to litigate its fraudulent conveyance suit in the United States District Court for the Southern District of Alabama, while the Debtors seek to litigate that matter here.

## B. The State Court Case

Vision Bank, SE Property's predecessor in interest, loaned more than $20 million to a consortium of borrowers to construct a large real estate project on the Gulf of Mexico involving a hotel, restaurant, and marina. A portion of that debt was guaranteed by Charles Trammell and his wife Belinda. The Court will refer to the project as the Bama Bayou project. The project failed in the wake of the late-2000s real estate bust that has resulted in so many business failures. Vision Bank brought suit in the Circuit Court of Mobile County, Alabama against 24 named defendants, including Charles and Belinda Trammell, in an effort to collect its indebtedness.

-3-

<u>Vision Bank v. Bama Bayou, et.al.</u>, Civ. No. CC-2009-900085.  That civil action was filed on January 16, 2009, and is still pending.

Of interest is the Circuit Court's Order of October 26, 2016, which provides, in part, as follows:

> In view of the evidence presented, the Court finds the bids on their face so grossly inadequate as to shock the judicial conscience. Further, the Court finds the Borrowers have met any additional burden of showing unfairness, misconduct, fraud, or even "stupid management."  Lenders contend that they want the opportunity to show there was no misconduct.  The burden is on the Borrowers, however, to present substantial evidence of misconduct, not on the Lenders to show there is no misconduct.  The record is replete with evidence that would meet the burden of "any other circumstance" of misconduct coupled with the inadequate foreclosure prices.
>
> For these reasons, the Court finds the extremely low bids at the foreclosure sale raise the presumption of unconscionableness and the grossly inadequate prices coupled with substantial evidence of misconduct justifies setting aside the foreclosure sale.  The Court hereby sets aside the foreclosure sale and declare the foreclosure deeds null, void and of no force and effect.[1]

## II.  LAW

### A.  Jurisdiction

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b).  This is a core proceeding.  28 U.S.C. § 157(b)(2)(O).  This is a final order.

---

[1] A copy of the Circuit Court's Order may be found in the District Court's Record, which is on file with this Court.  The citation in the District Court's docket is (Doc. 100, Ex. 1, p. 3).

-4-

## B. The Court Will Consider Transfer Rather than Remand

This Adversary Proceeding was removed from the Southern District to this Court pursuant to 28 U.S.C. § 1452(a) and SE Property now seeks to remand it pursuant to 28 U.S.C. § 1452(b). (17-3008, Doc. 6). SE Property argues that the removal was improper, contending that removal is what one does to move a case from a state court into the federal system and not what one does to transfer a proceeding from one federal court to another. (17-3008, Doc. 9 pp. 9–14). See LMRT Assoc., LC v. MB Airmont Farms, LLC, 447 B.R. 470, 472 (E.D. Va. 2011) (stating that "'remove' is well understood to refer to moving a case from a state court to a federal court" and finding that the proper vehicle is transfer when moving a case from one federal court to another); Virginia Brands, LLC v. Kingston Tobacco Co., Inc. (In re Kingston Tobacco Co., Inc.), Case No. 12-230, 2013 WL 53875, *3 (order entered Jan. 3, 2013) (to same effect). Instead, SE Property argues that transfer is the proper procedural mechanism to move a case from one federal district to another. (17-3008, Doc. 9 p. 12). Nevertheless, SE Property contends that this Court should remand the case under § 1452(b), despite the fact that it was improperly removed under § 1452(a). The Court agrees with SE Property that transfer, rather than removal, is the proper vehicle. However, the Court disagrees with SE Property's contention that the improper removal now provides a basis for remand. Instead, the proper procedural device is a transfer of venue. Thus, this Court will consider transfer pursuant to 28 U.S.C. § 1412.

The Court notes that SE Property filed several motions, including a motion to remand, but did not move to transfer pursuant to 28 U.S.C. § 1412. At the February 14th hearing, the Court stated that it would consider transfer of venue. Additionally, in its Order of February 15th, the Court again stated that it would consider transfer and offered the parties the opportunity to file

additional briefs.  (17-30260, Doc. 40).  No additional briefs have been filed by any party at to this point.  Nevertheless, the Court will treat this matter as a motion to transfer venue pursuant to 28 U.S.C. § 1412.

### C.  This Adversary Proceeding is Transferred to the Southern District of Alabama in the Interest of Justice

Pursuant to 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."[2]  As the Southern and Middle Districts of Alabama are contiguous and as the parties have interests in both Districts, neither district has been shown to be significantly more convenient than the other.  The central issue is whether a transfer is in the interests of justice.

There is much acrimony between the parties, with SE Property understandably chagrined that the Debtors filed their petitions in bankruptcy on the eve of the scheduled trial in the Southern District.  Moreover, SE Property's argument to the effect that the bankruptcy filings are tactical and not part of any larger scheme to reorganize has merit.  On the other hand, the Debtors' complaint that SE Property is acting inequitably is borne out by the Order handed down in the Mobile County Circuit Court, which is quoted above.  The language used by the Circuit Court citing "unfairness, misconduct, fraud . . ." is disturbing.  At the February 14, 2017 hearing, in response to the Court's questions, counsel for SE Property took the position that they do not

---

[2]  The Court is aware that there are cases discussing the differences between transfer pursuant to 28 U.S.C. § 1404 and § 1412, with the distinction turning on the question of whether the proceed is core or noncore.  See, A.B. Real Estate, Inc., v. Bruno's, Inc., (In re Bruno's, Inc.), 227 B.R. 311, 322-23 (Bankr. N.D. Ala. 1998) (concluding that 28 U.S.C. § 1412 applies).  As "the interest of justice" basis is common to both sections, the distinction is not relevant here.

-6-

have to sell the underlying collateral at all, at any price, and that they can simply pursue the guarantors and ignore the collateral, thereby doubling down on its inequitable conduct. Both sides have done a good job of muddying the other.

"The 'interest of justice' component of § 1412 is a broad and flexible standard which must be applied on a case-by-case basis." Gulf States Exploration Co., v. Manville Forest Products Corp., (In re Manville Forest Products Corp.), 896 F.2d 1384, 1391 (2nd Cir. 1990); see Irwin v. Beloit Corp., (In re Harnischfeger Indus., Inc.), 246 B.R. 421, 435 (Bankr. N.D. Ala. 2000). The party moving for transfer of venue bears the burden of proof. Manville Forest Products Corp, 896 F.3d at 1391. SE Property has the burden of proof in this case.

While the factual underpinning of this case is complex, resolution of the instant motions is fairly simple. This Court has examined all of the filings in both the Lake Martin and Orange Beach bankruptcy cases, has considered the remarks of counsel at the February 14th hearing, and now concludes that there is no bona fide effort to reorganize anything. The Debtor corporations are nothing more than repositories of assets—fraudulently conveyed to them if SE Property is believed, or as estate planning if the Trammell's are to be believed. There are no significant business operations in either Debtor corporation. To be sure, the properties may ultimately be sold, but that is not part and parcel of any overriding reorganization. The fraudulent conveyance suit has been pending for three years in the Southern District. Indeed, the Defendants have previously attempted to transfer the fraudulent conveyance case on other grounds. The two bankruptcy filings here were made on the eve of a scheduled trial in the Southern District for the purpose of delaying trial. The lack of a bona fide bankruptcy purpose for bringing the fraudulent

transfer suit here is determinative—providing the basis for a finding that it would be in the interest of justice to transfer the suit back to the Southern District of Alabama. Thus, Adversary Proceeding 17-3008 is transferred to the United States District Court for the Southern District of Alabama, pursuant to 28 U.S.C. § 1412.

### D. Relief From the Automatic Stay and Abstention

Having decided to transfer the fraudulent conveyance suit back to the Southern District, the remainder of the issues are largely housekeeping. It is illogical to transfer the fraudulent conveyance suit without also granting relief from the automatic stay; thus, permitting the District Court to proceed with the suit. There is sufficient cause to grant relief pursuant to 11 U.S.C. § 362(d). This Court will, by way of a separate order, grant relief from the automatic stay to SE Properties to permit it to proceed to judgment in its suit. In the event it obtains money damages against either Debtor, SE Properties is not permitted to proceed further against the Debtors. Rather, it should bring any claim it may have against either Debtor here for further proceedings.

This Court is granted considerable discretion in determining whether it should abstain from hearing proceedings that could be brought in other courts. 28 U.S.C. § 1334(c). As transfer of the fraudulent conveyance suit to the Southern District is ordered, it follows that this Court will abstain from any proceedings that would conflict with the fraudulent conveyance suit. The Court would point out that the Debtors make the argument that the fraudulent conveyance suit is within the exclusive jurisdiction of this Court, citing 28 U.S.C. § 1334(e). (17-30260, Doc. 37). Yet, that is subject to § 1334(c)(1), which states in part, as follows: "nothing in this section

-8-

prevents a district court in the interest of justice . . . from abstaining from hearing a particular proceeding . . . ." Considering bankruptcy courts are a division of the district courts in which they sit, the Debtors' argument that suits such as this are within this Court's exclusive jurisdiction would render § 1334(c)(1) a nullity.

### III.  CONCLUSION

The Court concludes that, in the interest of justice, this civil action is transferred to the Southern District of Alabama.  The case had been pending there for three years and was scheduled for trial to begin on February 8, 2017.  The two bankruptcy filings are not part of a good faith effort to reorganize but rather a tactical effort to transfer the fraudulent conveyance case here.  As there is no good faith bankruptcy reorganization purpose, it is in the interest of justice to transfer this fraudulent conveyance action to the court where it had been litigated for three years. Furthermore, relief from the automatic stay is granted, subject to the limitations stated above, and the Court will abstain from any proceedings that conflict with the fraudulent conveyance suit transferred to the Southern District. The Court will enter an order by way of a separate document.

Done this 4th  day of April, 2017.

United States Bankruptcy Judge

c: Lee R. Benton, Attorney for Debtor
   Richard M. Gaal, Attorney for SE Property Holdings LLC
   Teresa R. Jacobs, Bankruptcy Administrator

-10-